**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELINDA GABRIELLA VALENZUELA, | No. 17-16199 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00631-NVW-MHB |
| v. | |
| MELISSA BEAL; TAMMY TAYLOR, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted July 10, 2018**

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Arizona state prisoner Melinda Gabriella Valenzuela appeals pro se from the

district court's summary judgment in her 42 U.S.C. § 1983 action alleging

deliberate indifference to her serious medical needs.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo.  *Colwell v. Bannister*, 763 F.3d 1060, 1065

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2014). We affirm.

The district court properly granted summary judgment because Valenzuela failed to raise a genuine dispute of material fact as to whether defendants Beal and Taylor were deliberately indifferent to her complaints of heart and chest pain. *See id.* at 1066-68 (an official is deliberately indifferent if she "knows of and disregards an excessive risk to inmate health and safety"; a difference of opinion between a physician and the prisoner concerning what medical care is appropriate does not amount to deliberate indifference (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Valenzuela's motions to supplement the record (Docket Entry Nos. 14 and 16) are granted.

Valenzuela's "motion to submit" (Docket Entry No. 20) is denied as moot. The court granted Valenzuela in forma pauperis status and she completed the prisoner authorization form (Docket Entry Nos. 8 and 13).

Valenzuela's motion to seal her medical records attached to defendants' excerpts of record (Docket Entry No. 28) is denied as unnecessary because the

excerpts of record containing her medical records are sealed.

**AFFIRMED.**